1  CENTER FOR DISABILITY ACCESS
   Ray Ballister, Jr., Esq., SBN 111282
2  Mark Potter, Esq., SBN 166317
   Phyl Grace, Esq., SBN 171771
3  Dennis Price, SBN 279082
   Mail: PO Box 262490
4  San Diego, CA 92196-2490
   Delivery: 9845 Erma Road, Suite 300
5  San Diego, CA 92131
   (858) 375-7385; (888) 422-5191 fax
6  phylg@potterhandy.com

7  Attorneys for Plaintiffs

8

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12

13  **Chris Langer**,                    | **Case No**.

           Plaintiff,              | **Complaint For Damages And
14                                 | Injunctive Relief For** Violations
        v.                         | Of: American's With Disabilities
15                                 | Act; Unruh Civil Rights Act

16  **Peter Karadjian,** in his individual
    and representative capacity as
17  trustee of the Alcoy Real Estate
    Holding;
18  **SF Holding Petro, LTD.,** a
    California Limited Company; and
19  Does 1-10,

20          Defendants.

21

22       Plaintiff Chris Langer complains of Defendants Peter Karadjian, in his

23  individual and representative capacity as trustee of the Alcoy Real Estate

24  Holding; SF Holding Petro, LTD., a California Limited Company; and Does

25  1-10 ("Defendants") and alleges as follows:

26       **PARTIES:**

27       1.  Plaintiff is a California resident with physical disabilities. He is a

28  paraplegic who cannot walk and who uses a wheelchair for mobility. He has a

---

1

Complaint

specially equipped van with a ramp that deploys out of the passenger side of his van and he has a Disabled Person Parking Placard issued to him by the State of California.

2. Defendant Peter Karadjian, in his individual and representative capacity as trustee, owned the property located at or about 500 Alameda St, Los Angeles, California, in October 2015.

3. Defendant Peter Karadjian, in his individual and representative capacity as trustee, owned the property located at or about 500 Alameda St, Los Angeles, California, in February 2016.

4. Defendant Peter Karadjian, in his individual and representative capacity as trustee, owns the property located at or about 500 Alameda St, Los Angeles, California, currently.

5. Defendant SF Holding Petro, LTD owned the Superfine Valero gas station ("Gas Station") located at or about 500 Alameda St, Los Angeles, California, in October 2015.

6. Defendant SF Holding Petro, LTD owned the Superfine Valero gas station ("Gas Station") located at or about 500 Alameda St, Los Angeles, California, in February 2016.

7. Defendant SF Holding Petro, LTD owns the Superfine Valero gas station ("Gas Station") located at or about 500 Alameda St, Los Angeles, California, currently.

8. Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate

Complaint

relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

9.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

10. Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

11. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

12. The Plaintiff went to the Gas Station in October 2015 and February 2016 to shop.

13. The Gas Station is a facility open to the public, a place of public accommodation, and a business establishment.

14. Parking spaces are one of the facilities, privileges and advantages reserved by defendants to persons at the property serving the Gas Station.

15. Unfortunately, although parking spaces were one of the facilities specifically reserved for patrons, there were no compliant accessible handicap parking spaces available for persons with disabilities that complied with the Americans with Disability Act Accessibility Guidelines (ADAAG) in October 2015 or February 2016.

Complaint

16. On information and belief, plaintiff alleges that there used to be a compliant, accessible parking space in the parking lot prior to October 2015.

17. Plaintiff alleges, on information and belief, that defendants allowed the accessible parking space that was previously reserved for persons with disabilities to fade away into oblivion or get paved over.

18. Currently, there are no compliant, accessible parking spaces designed and reserved for persons with disabilities in the parking lot serving the Gas Station.

19. The defendants had no policy or plan in place to make sure that the van-accessible parking spaces reserved for persons with disabilities remained useable prior to October 2015.

20. The defendants have no policy or plan in place to make sure that the accessible parking spaces reserved for persons with disabilities remain useable currently.

21. Plaintiff personally encountered these barriers. This inaccessible condition denied the plaintiff full and equal access and caused him difficulty and frustration.

22. Additionally, and even though plaintiff did not personally confront the barrier, the transaction counter is 40 inches in height. There is no lowered, 36 inch portion of counter for use by persons in wheelchairs.

23. The path of travel leading into the restroom requires a person to navigate a step for which there is no ramp.

24. The restroom provides a toilet. However, instead of providing two grab bars on adjacent or parallel walls for use by persons with disabilities who need to transfer to the toilet, there are no grab bars.

25. Plaintiff would like to return and patronize this Gas Station.

26. Plaintiff visits Los Angeles County on a regular basis. He shops, attends auctions, attends hearings and mediations, he eats, and otherwise patronizes

4

Complaint

businesses in the area regularly.

27. Because of the location, plaintiff would like to return.

28. The defendants have failed to maintain in working and useable conditions those features required to provide ready access to persons with disabilities.

29. The violations identified above are easily removed without much difficulty or expense. They are the types of barriers identified by the Department of Justice as presumably readily achievable to remove and, in fact, these barriers are readily achievable to remove. Moreover, there are numerous alternative accommodations that could be made to provide a greater level of access if complete removal were not achievable.

30. Plaintiff is and has been deterred from returning and patronizing the Gas Station because of his knowledge of the illegal barriers that exist. Plaintiff will, nonetheless, return to assess ongoing compliance with the ADA and will return to patronize the Gas Station as a customer once the barriers are removed.

31. Given the obvious and blatant violation, the plaintiff alleges, on information and belief, that there are other violations and barriers on the site that relate to his disability. Plaintiff will amend the complaint, to provide proper notice regarding the scope of this lawsuit, once he conducts a site inspection. However, please be on notice that the plaintiff seeks to have all barriers related to his disability remedied. See Doran v. 7-11, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff encounters one barrier at a site, he can sue to have all barriers that relate to his disability removed regardless of whether he personally encountered them).

32. Additionally, on information and belief, the plaintiff alleges that the failure to remove these barriers was intentional because: (1) these particular barriers are intuitive and obvious; (2) the defendants exercised control and

Complaint

dominion over the conditions at this location and, therefore, the lack of accessible facilities was not an "accident" because had the defendants intended any other configuration, they had the means and ability to make the change.

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of plaintiffs and against all defendants (42 U.S.C. section 12101, et seq.)

33. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

34. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

   a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

   b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

   c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are

Complaint

readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

35. Any business that provides parking spaces must provide accessible parking spaces. 1991 Standards § 4.1.2(5); 2010 Standards § 208. One in every eight of those accessible parking spaces but not less than one must be a "van" accessible parking space, i.e., having an eight foot access aisle. 1991 Standards § 4.1.2(5)(b). Under the 2010 Standards, one in every six accessible parking spaces must be van accessible. 2010 Standards § 208.2.4.

36. Here, the lack of an accessible parking space is a violation of the law.

37. In areas used for transactions where counters have cash registers and are provided for sales or distribution of goods or services to the public, at least one of each type shall have a portion of the counter which is at least 36 inches in length with a maximum height of 36 inches above the floor. 1991 Standards § 7.2(1). Under the 2010 Standards, where the approach to the sales or service counter is a parallel approach, such as in this case, there must be a portion of the sales counter that is no higher than 36 inches above the floor and 36 inches in width and must extend the same depth as the rest of the sales or service counter top. 2010 Standards § 904.4 & 904.4.1.

38. Here, no such accessible transaction counter has been provided in violation of the ADA.

39. There must be an accessible path of travel that connects all buildings, elements and spaces on the same site. 1991 Standards § 4.3.2. To be considered an accessible route, there cannot be a stair or step. 1991 Standards § 4.3.8. Any such change in level measuring greater than ½ inch

7

must have a ramp or lift. Id. 2010 Standards § 303.4.

40. Here, the unramped step is a violation of the ADA.

41. For a toilet to be considered accessible under the ADA, there must be two grab bars on walls adjacent to the toilet to assist persons with disabilities to transfer to the toilet. 1991 Standards § 4.16.4; 2010 Standards § 604.5.

42. Here, the failure to provide compliant grab bars is a violation.

43. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

44. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

45. Given its location and options, plaintiff will continue to desire to patronize this Gas Station but he has been and will continue to be discriminated against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of plaintiffs and against all defendants) (Cal Civ § 51-53)

46. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

47. Because the defendants violated the plaintiffs' rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

48. Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for the plaintiffs, the defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code §

Complaint

55.56(a)-(c).)

**PRAYER**:

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1. For injunctive relief, compelling defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2. Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. § 12205; Cal. Civ. Code § 52.

Dated: July 13, 2016         CENTER FOR DISABILITY ACCESS

By: _____
Mark Potter, Esq.
Attorneys for Plaintiff

Complaint